SCOTT ET AL., APPELLANTS, v. FROST, APPELLEE.

PRACTICE—BILL OF PARTICULARS.

It is provided by the civil code that it shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but that he shall within five days after demand thereof in writing by the adverse party, deliver to him or file a copy of such account, or be precluded from giving evidence thereof. This provision is peremptory.

*Appeal from the County Court of Pitkin County.*

Mr. C. W. FRANKLIN, for appellants.

No appearance for appellee.

REED, J., delivered the opinion of the court.

The appellants and several others, as partners, were engaged in mining as lessees of the Best Friend Mine. In the prosecution of the work they became indebted to various parties for labor and supplies, which were evidenced by book accounts. About the first day of November, 1890, the several accounts, aggregating $1,656.37, were sold and assigned to appellee, who instituted this suit in the county court of Pitkin county for their collection. There was also an attachment, which need not be noticed, as the proceedings are not involved in this appeal. Appellants answered the complaint by general denials.

The trial was had to the court, without a jury, who found for the plaintiff for the amount claimed. Many errors are assigned, several of which it will not be necessary to notice.

The defendants made a demand in writing upon the plaintiff for an itemized statement of the account sued upon, to which no attention was paid by the plaintiff. Upon the trial objection was made to the introduction of any evidence, which was overruled and an exception taken.

Section 63 of the civil code is as follows: " It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged ; but he shall within five days after a demand thereof in writing by the adverse party, deliver to him or file a copy of such account, or be precluded from giving evidence thereof. The court or judge may on motion, limit or extend the time for delivering or filing such an account, and may order a further account when the one delivered or filed is too general or is defective in any particular."

The items of the different accounts were not set forth in the pleading. The statements were general, only general aggregates or balances given. Defendants were entitled to have each of the different accounts itemized so that they could contest any individual item of any of the accounts upon which the suit was brought. The statute is peremptory.

Upon demand, he shall furnish the itemized account, and upon failure to do so "shall be precluded from giving evidence thereof." The court erred in receiving any evidence without the accounts. Defendants were entitled to be informed not only of gross amounts claimed to be due, but of each item going to make up the aggregate. For this error the judgment must be reversed and the cause remanded.

The method adopted to make proof of the accounts, from the books, was irregular and not in accordance with the requirements of the statute, and for this error also the judgment should be reversed. The other supposed errors assigned will not be discussed.

*Reversed.*